**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**BRIDGET R. JONES**                                                                                          **PLAINTIFF**

v.                                            **CASE NO. 4:11CV00003 BSM**

**CHIRIE GRIMES and SELINA EARSA**                                              **DEFENDANTS**

**ORDER**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants Chirie Grimes and Selina Earsa move to dismiss for failure to state a claim upon which relief may be granted. [Doc. Nos. 18, 23]. Plaintiff Bridget R. Jones objects. [Doc. Nos. 22, 31]. For the reasons set forth below, defendants' motions to dismiss are granted.

I. PROCEDURAL BACKGROUND AND ALLEGATIONS

In 2003, Bridget R. Jones was indicted along with seven other individuals for her role in a conspiracy to steal government funds. She plead guilty to embezzling, stealing, and knowingly converting government day-care subsidies, was sentenced to three years probation with six months home detention with electronic monitoring, and was ordered to pay $45,999 in restitution. On November 22, 2006, Jones's probation was revoked, and she was ordered to serve nine months in the bureau of prisons plus twenty-seven months of supervised release. On October 31, 2008, Jones was adjudged to have committed four violations of the terms of her supervised release. She was revoked and sent back to the bureau of prisons for nine more months to be served concurrently with an eighteen-month sentence she received in a separate case.

Jones now brings a *Bivens* action against Grimes and Earsa for their conduct as United States Probation Officers in the aforementioned criminal cases. As defendants note, Jones's complaint is extremely difficult to understand, and the allegations that follow are pieced together from one unnumbered and rambling three-page paragraph.

According to Jones, Grimes and Earsa made incorrect statements based on unverified reports and a biased investigation that caused her supervised release to be revoked. Among the bases for Jones's belief that their investigation was not objective was the fact that they (or possibly just Grimes) maintained a personal relationship with her former business partners, Anthony Dickerson and Eric Miles. Apparently Dickerson was another probationer who was also under Grimes's supervision. Jones alleges that Grimes (and possibly also Earsa) shared confidential and sensitive information from her probation file with Dickerson and Miles. Jones also asserts that she subsequently received death threats and had to relocate as a result.

## II. LEGAL STANDARD

Dismissal is proper if Jones's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). All of the factual allegations contained in her complaint must be accepted as true, but mere labels, legal conclusions, or formulaic recitations of elements of a cause of action are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Jones is not required to prove specific facts in support of her allegations, she must include sufficient factual information to provide the grounds on which her claims rest and to a raise a right to relief above a speculative level. *Id.* Finally, because

Jones is proceeding *pro se*, her complaint will be held to less stringent standards and will be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. DISCUSSION

Even with the most liberal construction possible, Jones's complaint fails to state a claim. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, the Supreme Court recognized a person's right to bring an action against a federal officer in his personal capacity for violations of federally protected rights. 403 U.S. 388, 399 (1971) (Harlan, J., concurring). *Bivens* actions, however, are governed by *Heck v. Humphrey*, which held that a plaintiff may not recover damages related to a judicial officer's conduct if such a judgment would necessarily imply the invalidity of her criminal conviction. 512 U.S. 477, 486-87 (1994). *See also Washington v. Sorrows*, 107 F.3d 876 (8th Cir. 1997) (unpublished table decision). Here, Jones alleges that she was wrongly revoked because of defendants' misconduct. Because this claim clearly operates as a collateral attack on her revocation and prison sentence, it is barred under *Heck*.[1] Accordingly, Jones has failed to state a claim upon which relief may be granted, and defendants' motions to dismiss [Doc. Nos. 18, 23] are granted.

IT IS SO ORDERED this 17th day of June 2011.

---

[1] This order does not stand for the proposition that probation officers can lie with impunity in order to improperly revoke a probationer's release. Had Jones obtained relief from the underlying revocation by direct appeal, a writ of habeas corpus, or some other means, the pending motions to dismiss might have been denied.

_____
UNITED STATES DISTRICT JUDGE